Ralph BARNETT, Plaintiff,

v.

Alan GESLER, Defendant.

Civ. A. No. 83–C–129.

United States District Court,
E.D. Wisconsin.

April 12, 1985.

Mark J. Rogers, Milwaukee, Wis., and Elizabeth Davis, Chicago, Ill., for plaintiff.

L. William Staudenmaier and Brian C. Tyndall, Milwaukee, Wis., for defendant; Cook & Franke S.C., Milwaukee, Wis., of counsel.

## ORDER

REYNOLDS, Chief Judge.

The issue before the Court is the defendant's motion for permission to interview the jurors who heard evidence in this case for two days in February before a mistrial was declared. Local Rule 8.06 prohibits contact with jurors except on leave of court granted upon notice to opposing counsel and upon good cause shown. Defense counsel would like to interview the jurors to assist them in further preparing and defending this case. The plaintiff does not oppose this motion.

■ In deciding whether to permit juror interviews pursuant to Local Rule 8.06, the primary focus is on whether the movant has shown good cause for the request. The fact that opposing counsel does not object carries little weight since the rule is intended to safeguard the integrity of the jury before and during the trial and to protect juror privacy after the trial.

■ In support of the motion, defense counsel indicates only that juror interviews would be useful in preparing for this case, and that measures would be taken to minimize annoyance to the jurors. The good cause provision in Local Rule 8.06 requires more than a mere showing of usefulness, since juror interviews may always be deemed useful in preparing for further proceedings or appeal, or even in preparing for a different jury trial. Any contact with jurors is an intrusion on their private lives, and absent a more particularized showing of good cause, such intrusion is unwarranted.

IT IS THEREFORE ORDERED that the defendant's motion for permission to interview jurors is denied.